ORIGINAL

# In the United States Court of Federal Claims

No. 16-860C
(Filed: December 9, 2016)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
JOSEPH R. FLYING HORSE,                         *
                                                *
            Plaintiff,                          *
                                                *
      v.                                        *
                                                *
THE UNITED STATES,                              *
                                                *
            Defendant.                          *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

**FILED**

DEC - 9 2016

U.S. COURT OF
FEDERAL CLAIMS

---

## ORDER OF DISMISSAL

---

**WILLIAMS**, Judge.

This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background[1]

Plaintiff pro se Joseph Flying Horse is an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota, and is a member of the Standing Rock Sioux tribe. Compl. 1. Plaintiff alleges that on May 17, 2016, he was arrested for and subsequently charged with violation of South Dakota Codified Law 22-42-5, and that a "Detainer (interchangeable with 'Parole Hold') was placed on [him] by [a] South Dakota Department of Corrections ('DOC') parole officer" at this time. Id. at 2. On May 18, 2016, Plaintiff declined to enter a plea, but instead stated that he was challenging the state's jurisdiction to prosecute him. Id. On June 1, 2016, during Plaintiff's preliminary hearing, the prosecutor dismissed the charge. Id. On June 7, 2016, Plaintiff was notified that he would not be released from detainment because his offense was serious and the state was going to re-charge him. Id.

On June 9, 2016, Plaintiff was transferred from the county jail to the state penitentiary. Id. Plaintiff appears to allege that he is being improperly detained in violation of his

---

[1] This background is derived from Plaintiff's complaint.

Constitutional rights, and seeks damages for lost wages, mental and emotional anguish, loss of consortium, as well as an order returning him to parole status. Id. at 5, 8-9.

## Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to the Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages under a source of substantive law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages." (internal quotations omitted)).

Plaintiff names the following individuals and entities as Defendants in this matter: parole officer James Hansen, Pennington County as respondeat superior for the Pennington County State's Attorney Office, case manager Krista Best, South Dakota State Penitentiary warden Darrin Young, Secretary of Corrections Denny Kaemingk, and unit coordinator Seth Hughes. Compl. 7. The only proper defendant in this Court is the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941); Berdick v. United States, 612 F.2d 533, 536 (Ct. Cl. 1979). To the extent that Plaintiff alleges claims against parties other than the United States, this Court lacks jurisdiction to entertain those claims.

Plaintiff appears to be challenging the length of his detainment at the South Dakota Penitentiary. However, this Court does not have the authority to review the decisions of state courts or to hear challenges to the terms of imprisonment. Schweitzer v. United States, 82 Fed. Cl. 592, 596 (2008) (finding that this Court does not have jurisdiction to consider claims relating

to "indictments, arrests, prosecutions, convictions, imprisonment, or parole"); Landers v. United States, 39 Fed. Cl. 297, 301 (1997). Therefore, the Court lacks jurisdiction over Plaintiff's claims.

Plaintiff cites the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments and the Ex Post Facto clause of the Constitution as bases for this Court's jurisdiction over his claims. However, these provisions do not grant this Court the authority to adjudicate Plaintiff's claims, as they are not money-mandating. Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment is not a money-mandating provision." (internal citations and quotation marks omitted)); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (finding that the Fifth and Fourteenth Amendments do not form "a sufficient basis for jurisdiction because they do not mandate payment of money by the government"); LaChance v. United States, 15 Cl. Ct. 127, 130 (1988) ("[T]he fourth amendment does not mandate payment of money by the United States."); Turpin v. United States, 119 Fed. Cl. 704, 707 (2015) (stating that the Sixth Amendment is not money-mandating and therefore cannot "provide the Court with jurisdiction over a complainant's claims"); Tasby v. United States, 91 Fed. Cl. 344, 346 (2010) (stating that the Ex Post Facto Clause is not money-mandating).

Plaintiff also invokes the 1868 Fort Laramie Treaty, but has not alleged facts indicating that he is entitled to relief under that treaty or that he has exhausted his administrative remedies prior to filing suit in this Court. Hernandez v. United States, 93 Fed. Cl. 193, 199 (2010); Elk v. United States, 70 Fed. Cl. 405, 407 (2006).

Finally, Plaintiff seeks monetary damages for lost wages stemming from his continued imprisonment, mental and emotional anguish, and loss of consortium, but because these claims sound in tort, this Court lacks jurisdiction to entertain them. Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008); LeBlanc, 50 F.3d at 1030; Simmons v. United States, 71 Fed. Cl. 188, 194 (2006) (finding that loss of consortium sounds in tort and therefore falls outside of this Court's jurisdiction).

### Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.

*/s/ Mary Ellen Coster Williams*
MARY ELLEN COSTER WILLIAMS
Judge